# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2021

Lyle W. Cayce
Clerk

No. 20-50861
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Heriberto Valles-Morales,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1349-1

Before Wiener, Southwick, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Heriberto Valles-Morales appeals his sentence of 27 months of imprisonment and three years of supervised release, which the district court imposed following his guilty plea conviction for illegal reentry.  He argues that the recidivism enhancement under 8 U.S.C. § 1326(b) is

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50861

unconstitutional because it allows a sentence above the otherwise applicable statutory maximum based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for further review. The Government moves for summary affirmance, asserting that Valles-Morales's argument is foreclosed.

The parties are correct that Valles-Morales's assertion is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007). Accordingly, the Government's motion for summary affirmance is GRANTED, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgment of the district court is AFFIRMED.